496 So.2d 966 (1986)
Cleveland BROWN, Appellant,
v.
William J. LINEBERGER, Federated Insurance Co., Appellees.
No. BJ-326.
District Court of Appeal of Florida, First District.
October 31, 1986.
*967 Barry M. Salzman, of Chambers & Salzman, St. Petersburg, for appellant.
Robert M. Todd, of Mattson, McGrady & Todd, St. Petersburg, for appellees.
WENTWORTH, Judge.
Claimant appeals a workers' compensation order by which benefits were denied upon a determination that claimant was a domestic servant and thus not engaged in employment covered by Chapter 440. We find that the circumstances do not warrant a finding that claimant was a domestic servant, and we therefore reverse the order appealed.
Claimant was hired on a temporary basis to cut down some trees at a private residence, and was injured while in the performance of this work. A claim was made for workers' compensation benefits and various defenses were interposed, including an assertion that claimant was either an independent contractor or a domestic servant. Section 440.02(13)(c)1, Florida Statutes, excludes domestic servants in private homes from the definition of employments covered under Chapter 440. The deputy applied this exclusion in denying the claim in the present case. It has been held that this exclusion may apply where a worker is assigned a combination of household and outdoor duties. See Smith v. Ford, 472 So.2d 1223 (Fla. 1st DCA 1985). However, claimant's work in the present case was not of this character, and we conclude that it was likewise not of such a nature as to constitute domestic service in a private home. The claim thus should not have been denied upon an application of section 440.02(13)(c)1.
In denying the claim on the above basis the deputy did not further address the asserted independent contractor defense. On remand the deputy should consider this contention.
The order appealed is reversed and the cause remanded.
BOOTH, C.J., and MILLS, J., concur.